IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHUPEE EARNEST JOE,<br>    ID # 58360-177,<br>        Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | §<br>§<br>§<br>§   No. 3:22-CV-1353-M-BK<br>§   No. 3:18-CR-590-M(1)<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the *Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on July 6, 2022 (doc. 5), is **DENIED** with prejudice.

### I.    BACKGROUND

Chupee Earnest Joe (Movant) challenges his federal sentence in Cause No. 3:18-CR-590-M(1). The respondent is the United States of America (Government).

### A.    Conviction and Sentencing

After first charging Movant by indictment, a grand jury returned a thirteen-count superseding indictment charging Movant with twelve counts of aiding and assisting in the preparation and presentation of false and fraudulent individual income tax returns, in violation of 26 U.S.C. § 7206(2) (Counts One through Twelve), and one count of false statement in application for a passport committed while on release, in violation of 18 U.S.C. §§ 1542 and 3147(1) (Count Thirteen). (*See* docs. 1, 28.)[1] He pled guilty to Counts One and Three of the superseding indictment under a plea agreement. (*See* docs. 54, 60.)

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:18-CR-590-M(1).

For purposes of sentencing, the United States Probation Office (USPO) prepared a pre-sentence investigation report (PSR). (*See* doc. 66-1.) The PSR showed that the actual tax loss to the Internal Revenue Service (IRS) was $134,063 for a sample of 31 tax returns—out of a total of 1,708 tax returns—Movant filed for clients for tax years 2013 through 2016. (*See id.* at ¶¶ 22-23.) It attributed a tax loss of $2,230,904 to Movant as relevant conduct for all the client tax returns he filed from 2013 through 2016. (*See id.* at ¶¶ 24-26.) Because of the tax loss amount for which Movant was responsible, his base offense level was 22; his total offense level was 21 after two levels were added because he was in the tax preparation business and three levels were deducted for acceptance of responsibility. (*See id.* at ¶¶ 40-41, 47-49.) Based on a total offense level of 21 and a criminal history category of I, his guideline imprisonment range was 37 to 46 months. (*See id.* at ¶ 82.) Movant objected to the tax loss analysis and base offense level, and the USPO supported the PSR as written in an addendum addressing the objections. (*See* docs. 67, 68-1.)

After hearing testimony and arguments regarding the tax loss analysis and calculation at Movant's sentencing hearing, the court determined that the methodology employed to determine the tax loss amount was appropriate. (*See* doc. 91 at 10-31, 64-67, 100-04, 112-13.) The court also removed Movant's three-level decrease for acceptance of responsibility, resulting in a new total offense level of 24 and guideline imprisonment range of 51 to 63 months. (*See id.* at 115-16, 121.) The court sentenced him to an aggregate sentence of 63 months' imprisonment, consisting of 32 months on Count One and 31 months on Count Three, to run consecutively and be followed by one year of supervised release. (*See id.* at 130-31; doc. 97 at 1-3.) Movant was also ordered to pay restitution in the amount of $2,230,904. (*See* doc. 97 at 5-6.)

On direct appeal, the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") reversed the restitution order and rendered an award of restitution in the amount of $134,063. *See*

*United States v. Joe*, No. 21-10206, 2022 WL 1055577, at *4 (Apr. 8, 2022). The court entered an amended judgment with the restitution order modified in accordance with the Fifth Circuit's decision. (*See* doc. 136.) Movant did not appeal the amended judgment. On August 11, 2023, Movant was released from imprisonment with the Bureau of Prisons (BOP).[2] *See* BOP Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited Mar. 14, 2024).

**B.      Substantive Claim**

In his amended § 2255 motion, Movant challenges the validity and constitutionality of his sentence on the ground that the court based it "off an invalid restitution amount that has been vacated by the [Fifth Circuit.]" (No. 3:22-CV-1353-M-BK, doc. 5 at 8.) He filed two supplements to the amended § 2255 motion on July 19, 2022 and July 22, 2022, respectively. (*See id.*, docs. 8-9.) The Government filed a response on September 6, 2022. (*See id.*, doc. 11.) Movant did not file a reply.

## II.      SCOPE OF RELIEF UNDER § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final

---

[2] Although Movant was released from BOP custody while his amended § 2255 motion was pending, the "in custody" determination under § 2255 is made at the time the habeas motion is filed. *See Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000). Additionally, his term of supervised release also satisfies the "in custody" requirement. *See id.*

3

conviction, but only on issues of constitutional or jurisdictional magnitude.").

### III.     MISAPPLICATION OF THE SENTENCING GUIDELINES

In his only ground for relief, Movant contends that his "sentence is invalid and/or unconstitutional" because it "was based off an invalid restitution amount that has been vacated by the 5th Circuit Court of Appeals." (No. 3:22-CV-1353-M-BK, doc. 5 at 8.) He asserts that "the District Court sentencing should be based off the correct amount of $134,063 when determining my sentencing." (*Id.*) According to Movant, the restitution amount of $134,063 awarded by the Fifth Circuit on direct appeal is the applicable tax loss amount for purposes of determining his guideline imprisonment range, which he argues is 27 to 33 months. (*See id.*, doc. 8 at 3-6.) He appears to claim he did not raise this issue on direct appeal due to the ineffective assistance of appellate counsel. (*See id.*, doc. 8 at 3.) Respondent argues that the claim is not cognizable under § 2255, and is procedurally barred, waived under the terms of the plea agreement, and without merit. (*See id.*, doc. 11 at 1, 6-9.)

Assuming for purposes of this motion only that the claim is not procedurally barred or waived by the plea agreement, it is well established that the technical application of the sentencing guidelines is not subject to collateral review in a § 2255 motion. *See, e.g., United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999). "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *Id.* (citations omitted). Here, Movant's claim challenges the court's application of the sentencing guidelines in determining his advisory guideline imprisonment range. It is therefore not cognizable under § 2255, and the court denies it on this basis.

4

The claim also lacks merit. Pursuant to U.S.S.G. § 2T1.4, the applicable guideline for § 7206(2) offenses, a defendant's base offense level is determined from the tax table set forth in § 2T4.1 corresponding to the applicable tax loss. *See* U.S.S.G. § 2T1.4(a). For purposes of § 2T1.4, "the tax loss is the total amount of loss that was the object of the offense[,]" and includes a defendant's relevant conduct. U.S.S.G. § 2T1.1(c)(1); *see also* U.S.S.G. § 2T1.1 cmt. 1-2; U.S.S.G. 2T1.4(a); *United States v. Powell*, 124 F.3d 655, 664-66 (5th Cir. 1997). As such, the determination of Movant's base offense level in the underlying criminal proceeding should properly include "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2); *see also United States v. Westbrooks*, No. H-14-355, 2018 WL 9918170, at *2 (S.D. Tex. Apr. 19, 2018).

Here, the record is replete with evidence establishing the acts and omissions of Movant that constituted relevant conduct to his § 7206(2) offenses for purposes of sentencing. (*See, e.g.*, doc. 55 at 1-3; doc. 66-1 at ¶¶ 21-27; doc. 68-1; doc. 91 at 10-31.) Movant provides no facts or evidence to rebut or challenge the relevant conduct for which he was held accountable or the loss analysis methodology used to determine the corresponding tax loss. Instead, he claims only that the tax loss amount attributed to him for sentencing purposes should match the restitution amount order rendered by the Fifth Circuit. To support his position, he provides nothing beyond blatant misrepresentations of the Fifth Circuit's decision on direct appeal[3] and non-binding case law

---

[3] In the first supplement to his amended § 2255 motion, Movant contends that the "Fifth Circuit Court of Appeals found on behalf of the Defendant (Appellant) in revising the Order to a value of $134,063.00 at a restructured guideline of 16 with a 2-level upward variant for (Tax Authority), but declined to revise Sentencing respectively since 'ineffective counsel' failed to raise the issue or move for Evidentiary Hearing." (No. 3:22-CV-1353-M-BK, doc. 8 at 3.) Movant is wrong. The only issue addressed by the Fifth Circuit on appeal was "whether the restitution award exceeded the scope of the plea agreement." *Joe*, 2022 WL 1055577, at *3. The decision made no mention of, much less a finding about, any alleged applicable guideline range of 16 with a two-level increase. *See generally id.* at *1-4. Nor did it mention or decline any revision to Movant's sentence of imprisonment on any basis. *See id.* Movant's assertions are wholly without merit and are refuted by the record.

5

inapplicable to the facts of his case.[4] His unsupported and baseless allegations are insufficient to warrant relief under § 2255. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition [ ], unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). His claim is therefore without merit, and the court denies it on this additional basis.[5]

## IV.   OTHER CLAIMS

Before filing his amended § 2255 motion, Movant filed a letter in the underlying criminal case; the court construed the letter as a first § 2255 motion, and this habeas action was opened. (*See* No. 3:22-CV-1353-M-BK, docs. 2-3.) In the construed § 2255 motion, Movant appeared to allege that his trial counsel was ineffective in handling his case, "[w]hich led me to sign plea involuntarily [sic] based on misinformation to me." (*Id.*, doc. 3 at 1.) The court issued an order consistent with *Castro v. United States*, 540 U.S. 375, 383 (2003), and directed Movant to file an amended § 2255 motion "raising all of his grounds" on the standard form for § 2255 motions if he sought to proceed with this action. (*Id.*, doc. 4 at 3.) Despite the order, Movant's amended § 2255 motion did not include a claim of ineffective assistance of counsel in connection with the plea proceedings, or a challenge to the voluntariness of his guilty plea. (*See generally*, No. 3:22-CV-

---

[4] Movant's second supplement consists of the decision issued in *United States v. Black*, 798 F.3d 570 (7th Cir. 2015). which was subsequently amended and superseded on rehearing. (*See* No. 3:22-CV-1353-M-BK, doc. 9); *United States v. Black*, 815 F.3d 1048 (7th Cir. 2016). In the context of a direct appeal, the United States Court of Appeals for the Seventh Circuit (Seventh Circuit) held that the district court erred by calculating the defendant's base offense level under U.S.S.G. § 2T1.1 by using a general loss amount, rather than a tax loss amount. *See Black*, 815 F.3d at 1051-53. Not only is the Seventh Circuit's decision not binding on this court, but Movant provides no facts or evidence showing that an improper general loss amount, and not a tax loss amount, under U.S.S.G. § 2T1.1 was used in determining his base offense level. The controlling opinion in *Black* is inapplicable to Movant.

[5] To the extent Movant's first supplement can be liberally construed to allege an independent claim that his sentence was "substantively unreasonable" and "shall qualify as a disparity" because the court did not calculate his guideline sentence using the restitution amount awarded by the Fifth Circuit, the claim is also without merit for the reasons discussed, and it warrants no § 2255 relief. (No. 3:22-CV-1353-M-BK, doc. 8 at 5.)

1353-M-BK, doc. 3.)

Even if Movant intended to continue to assert these claims in his amended § 2255 motion, he is not entitled to habeas relief on them because they are conclusory. Conclusory allegations are insufficient to warrant habeas relief. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("'[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'"); *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."). Accordingly, to the extent Movant intended to assert the allegations in his original letter as separate claims under § 2255, those claims are denied.

### V.     EVIDENTIARY HEARING

To the extent Movant seeks an evidentiary hearing before this court on any of his claims, no evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Because Movant has failed to come forward with independent indicia in support of the likely merit of his claims, he has failed to demonstrate he is entitled to an evidentiary hearing.

### VI.     CONCLUSION

For the foregoing reasons, the *Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on July 6, 2022 (doc. 5), is **DENIED** with prejudice.

**SO ORDERED.**

SIGNED this 15th day of March, 2024.

7

_____
BARBARA M.G.LYNN
SENIOR UNITED STATES DISTRICT JUDGE